**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **SHANE I. SOPHER**, | No. 08-35925 |
| Plaintiff - Appellant, | D.C. No. 3:05-cv-06322-HU |
| v. | |
| **MICHAEL WASHINGTON; DIANE M. REA; DIANNE MIDDLE; STEVEN R. POWERS; DARCEY BAKER; CANDACE WHEELER**, | **MEMORANDUM** * |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, Senior District Judge, Presiding

Argued and Submitted November 5, 2009
Portland, Oregon

Before:  **KOZINSKI**, Chief Judge, **FISHER** and **PAEZ**, Circuit Judges.

Plaintiff has correctly conceded that a state-court proceeding is "pending"

within the meaning of Younger v. Harris, 401 U.S. 37, 41 (1971).  Although

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

plaintiff filed his federal action first, no "proceedings of substance on the merits" had occurred in federal court before the state action began. M&A Gabaee v. Cmty. Redevelopment Agency of L.A., 419 F.3d 1036, 1041 (9th Cir. 2005); see Fresh Int'l Corp. v. Agric. Labor Relations Bd., 805 F.2d 1353, 1358 n.5 (9th Cir. 1986).

The pending state-court action now provides plaintiff with an adequate opportunity to raise his due process claim. State ex rel. Sopher v. Washington (Sopher VI), 2010 WL 174064, at *5–6 (Or. Ct. App. Jan. 20, 2010). Adjudicating Sopher's constitutional claims would "have the practical effect of enjoining" that proceeding through the application of preclusion rules. AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1149 (9th Cir. 2007); see Gilbertson v. Albright, 381 F.3d 965, 978 (9th Cir. 2004) (en banc). Plaintiff does not contest that this suit implicates important state interests, nor could he. See Preiser v. Rodriguez, 411 U.S. 475, 491–92 (1973). And, even if there were exceptional circumstances counseling against abstention before Sopher VI was decided, its jurisdictional holding in plaintiff's favor, 2010 WL 174064, at *5–6, removes any "extraordinarily pressing need for immediate federal equitable relief." Kugler v. Helfant, 421 U.S. 117, 125 (1975). The state courts now appear ready to "fairly and fully adjudicat[e] the federal issue[]." Id. at 124. Abstaining on plaintiff's

due process claim is therefore proper.  See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 437 (1982).

Neither did the district court err in dismissing plaintiff's equal protection and ex post facto claims as time barred.  Plaintiff's amended complaint does not allege that defendants concealed any facts that would have prevented him from bringing those claims in a timely fashion.  In fact, he did timely assert them in an earlier state-court action.  Even if he hadn't, both fraudulent concealment and equitable estoppel require a plaintiff to allege "some active conduct by the defendant above and beyond the wrongdoing upon which the plaintiff's claim is filed" that then "prevent[ed] the plaintiff from suing in time."  Lukovsky v. City & County of S.F., 535 F.3d 1044, 1051–52 (9th Cir. 2008) (emphasis in original) (internal quotation marks omitted).

In these claims, plaintiff faults defendants for reviewing his parole application under the JAM rules rather than the Matrix System.  That defendants claimed they could not apply the Matrix System to him isn't conduct "above and beyond" the wrongdoing plaintiff alleges.  Whether or not defendants actually believed what they said, this was a legal position they announced to justify doing what plaintiff claims was unlawful; it was not a fact plaintiff needed to know

before he could bring suit. Plaintiff had all the necessary information to challenge defendants' position from the moment he heard it.

On appeal, plaintiff continues to assert only that defendants concealed what amounts to a legal position, not facts. It was not an abuse of discretion to deny leave to amend in these circumstances. <u>See</u> <u>Abagninin</u> v. <u>AMVAC Chem. Corp.</u>, 545 F.3d 733, 742 (9th Cir. 2008).

**AFFIRMED.**